UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN W.,

                Plaintiff,

v.

ACTING COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

Case No. 23-10314
Honorable Paul D. Borman
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO DISMISS COMPLAINT FOR FAILURE TO PROSECUTE, AND TO DENY AS MOOT THE MOTION TO DISMISS (ECF NO. 8)**

**A.**

Plaintiff John W., acting pro se, filed an appeal of the final decision of Acting Commissioner of Social Security (Commissioner), which denied his application for disability insurance benefits (DIB) under the Social Security Act. ECF No. 1. Plaintiff failed to sign his form complaint as required by Federal Rule of Civil Procedure 11, but he typed in the date of signing as February 6, 2023 and typed his name. *Id*. at PageID.4.

In the paragraph above the date of signing, the form complaint states, "I agree to provide the Clerk's Office with any changes to my address

where case-related paper may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case." *Id.*  Plaintiff was also served a notice that his failure to promptly notify the Court of an address change "may result in the **dismissal** of your case." ECF No. 5, PageID.17 (emphasis in the original). A week after the notice was filed, plaintiff filed a notice of change of address, identifying a post office from which he said that he could retrieve his mail.  ECF No. 6.

The Commissioner moved to dismiss plaintiff's complaint two weeks after his notice of change of address.  ECF No. 8.  The Court ordered the plaintiff to respond to the motion to dismiss by April 20, 2023.  ECF No. 9, PageID.62-63.  The Court mailed the order to plaintiff's address of record, but the mailing was returned as undeliverable.  ECF No. 6; ECF No. 10.

The Court then ordered plaintiff to show cause why his complaint should not be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2.  ECF No. 11.  The order said, "Plaintiff has a duty to apprise the Court of a proper address for him to receive docketed filings." *Id.*, PageID.68 (citing *Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012); *Lightfoot v. Saul*, No. 1:22-CV-11459, 2022 WL 14461283, at *2 (E.D. Mich. Oct. 25, 2022)).  It concluded, "Failure to timely respond may

2

result in the Court recommending that this case be dismissed for failure to prosecute." *Id*. (citing *Lightfoot,* 2022 WL 14461283 at *2). The show cause order was returned as undeliverable, and plaintiff has filed no response to the order. ECF No. 13.

**B.**

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing the case unless good cause is shown." E.D.

Mich. LR 41.2 (cleaned up). Dismissal for want of prosecution is ordinarily with prejudice. Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363. Although plaintiff is proceeding pro se, and thus is held to less stringent standards, the leniency granted is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). "Pro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, No. 05-10116-BC, 2007 WL 1582236, at *2 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)) (cleaned up).

Analysis of the *Knoll* factors supports dismissal. For the first factor, plaintiff is at fault because he failed to respond to the dispositive motion and court orders. His failure to respond was either done in bad faith or is "willful and with fault." *See Morley v. Comm'r of Soc. Sec.*, No. 12-14653,

4

2013 WL 2051326, *1 (E.D. Mich. May 14, 2013).  Plaintiff also failed to provide the Court with an updated address, showing willfulness or fault on his part.  After invoking the processes of this Court, plaintiff had an affirmative duty to apprise the Court of his mailing address.  *Yeschick*, 675 F.3d at 630.

Although there is no evidence that the Commissioner was prejudiced by plaintiff's inaction, the third and fourth factors weigh heavily in favor of dismissal.  As to the third factor, plaintiff was warned that his failure to notify the Court of a change of address could result in dismissal of his action.  ECF No. 1; ECF No. 5.  He was also warned that failure to respond to the order to show cause could result in a recommendation to dismiss the case for failure to prosecute.  ECF No. 11.  And there is no less drastic sanction available because plaintiff has failed to respond to filings as ordered.  "Dismissal is the only appropriate remedy because [Plaintiff] has effectively abandoned the case."  *Gomez v. Deangelo*, No. 18-14080, 2020 WL 7038612, at *2 (E.D. Mich. Apr. 2, 2020), *adopted*, 2020 WL 7024862 (E.D. Mich. Nov. 30, 2020) (cleaned up).

5

The Court thus **RECOMMENDS** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute, and that the Commissioner's motion to dismiss be **DENIED AS MOOT** (ECF No. 8).

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: June 7, 2023

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the

objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 7, 2023.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
